FILED

NOT FOR PUBLICATION

NOV 19 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMY RAY BROMGARD,

Plaintiff - Appellant,

v.

YELLOWSTONE COUNTY; BILL
KENNEDY, Chairman; JOHN OSTLUND
Commissioner; JIM RENO,
Commissioner,

Defendants - Appellees.

No. 09-35004

D.C. No. 1:05-cv-00032-RFC

MEMORANDUM *

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted November 3, 2009
Portland, Oregon

Before: KOZINSKI, Chief Judge, FISHER and PAEZ, Circuit Judges.

For a custom or policy of inaction to amount to deliberate indifference

toward constitutional rights and thus be actionable under 42 U.S.C. § 1983, it

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

must be the result of a 'conscious,' *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), or 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

*Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002) (alteration in original).

Bromgard has presented no evidence that the County made a "conscious" or "deliberate choice" of inaction "from among various alternatives." *Id.* The evidence demonstrates that the County was not in a legal or de facto position to hire, supervise, remove or set the compensation of defense attorneys for indigents in 1987. Thus, under *Butler*, the County's inaction cannot amount to deliberate indifference. *Id*.

**AFFIRMED.**